UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:21-cv-3450

MASON HALL,

        Plaintiff,

v.

JTP ENTERPRISES LLC, d/b/a Cozy Inn,
JAMES THOMAS PARKS, an individual, and
GLORIA PARKS, an individual,

        Defendants.

## COMPLAINT

### INTRODUCTION

1. Plaintiff Mason Hall worked for Defendants' hotel in Cortez, Colorado, for approximately eight months in 2020 and 2021. During this time, he served as a "jack of all trades," doing everything from manning the front desk, to completing handyman jobs, to dealing with customers who had become too loud or rowdy. In this role, Plaintiff was expected to be at the hotel straight through from noon on Sundays until around 5:00 or 6:00 P.M. on Fridays, when the owners would relieve him for the weekend. All in, Mason was "on duty" for 125 hours per week. For this work Defendants only paid him $200 per week, well below the minimum wage and overtime requirements.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Parks Inc., d/b/a Cozy Inn; James Parks, an individual;

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

and Gloria Parks, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA"). Plaintiff also brings conversion claims based on the egregious wage underpayments, as defined in the COMPS.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' hotel located at, 440 S Broadway Cortez, Colorado 81321, and one or more of the Defendants named herein resides in this district.

## PARTIES

**Defendant JTP Enterprises LLC d/b/a Cozy Inn**

6. Defendant **JTP Enterprises LLC** d/b/a Cozy Inn (hereinafter "Cozy Inn") is a corporation doing business within Montezuma County, whose principal place of business is located at 440 S. Broadway, Cortez, CO 81321.

7. Defendant Cozy Inn's registered agent is listed with the Colorado Department of State as James Thomas Parks at the same address.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Hall v. Cozy Inn*
USDC, District of Colorado

Complaint
Page 2

8. Defendant JTP Enterprises LLC operates a hotel does business as Cozy Inn.

9. At all relevant times, Defendant Cozy Inn had annual gross revenues in excess of $500,000.

10. At all relevant times, Defendant Cozy Inn was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. Defendant Cozy Inn purchases supplies, equipment and other necessary items to run its hotel and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado.  Further, Defendant Cozy Inn advertises its hotel to the entire world on the internet at https://www.cortezcozyinn.com. Defendant Cozy Inn also accepts payments by credit cards and utilizes the phone and internet lines to accept and transmit payments.

12. At all times material to this action, Defendant Cozy Inn was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant James Thomas Parks and Gloria Parks**

13. Defendant James Thomas Parks ("Mr. Parks"), an individual, resides at 440 S Broadway, Cortez, Colorado 81321, Montezuma County.

14. Defendant Gloria Parks ("Ms. Parks"), an individual, resides at 440 S Broadway, Cortez, Colorado 81321, Montezuma County.

15. Mr. Parks and Ms. Parks are husband and wife.

16. Mr. and Ms. Parks own and operate the Cozy Inn.

17. They live on the same lot as the hotel, in an adjacent home.

18. At all times material to this action, both Mr. and Ms. Parks actively participated in the operation and management of the hotel.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Hall v. Cozy Inn*
USDC, District of Colorado

Complaint
Page 3

19. At all times material to this action, both Mr. and Mrs. Parks exercised substantial control over the functions of the company's employees including Plaintiff. For example, they both had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

20. At all times material to this action, Mr. and Ms. Parks was each an additional "employer" of the plaintiff, as defined by § 203(b) of the FLSA and CWCA.

**Plaintiff Mason Hall**

21. Plaintiff Mason Hall is a resident of Cortez, Colorado, which is in Montezuma County.

22. Mason worked for Cozy Inn from July 1, 2020 to March 1, 2021.

23. Plaintiff's duties and responsibilities were varied, including but not limited to manning the front desk, performing handyman type jobs, and responding to customers who had become too loud or rowdy.

24. At all times material to this action, Plaintiff Hall was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

25. In this position, Hall regularly interacted with customers who are from all across the United States and the world. He also regularly handled supplies that originated outside of Colorado, used the hotel telephone, and he utilized Defendants' credit card machine to process payments.

26. Mason's primary supervisor was Mr. Parks, but he also considered Ms. Parks to be his boss.

27. While working in this capacity, Defendants did not expect or ask Plaintiff to record his time worked.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Hall v. Cozy Inn*
USDC, District of Colorado

Complaint
Page 4

28. Plaintiff was generally on duty working at the hotel straight through from noon on Sundays until around 5:00 or 6:00 P.M. on Fridays, when the owners would relieve him for the weekend.

29. Based on this, he estimates that generally he was on duty for approximately 125 hours per week.

30. While in this position, Plaintiff's pay scheme was a flat weekly payment, at a rate of $200 per week.

31. This rate of pay was well below the minimum wage. If 125 hours a week were deemed compensable, his effective hourly rate (not including overtime premiums) would have been $1.60 per hour. Even 40 hours would yield an effective hourly rate of $5.00 per hour.

32. Plaintiff did not receive any extra pay when he worked more than 40 hours in a week.

33. Thus, Plaintiff was not paid at a rate of one and one half times his regular rate for all hours over 40 worked in a workweek.

34. Plaintiff generally did not get a meal break of 30 minutes or more relieved of all duties.

35. Plaintiff did not get *bona fide* rest breaks.

## LEGAL CLAIMS

### As And For A First Cause of Action: FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

36. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

37. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Hall v. Cozy Inn*
USDC, District of Colorado

Complaint
Page 5

*Failure To Pay Minimum Wage*

38. Defendants failed to pay Plaintiff the minimum wage for all hours worked, in violation of the FLSA.

*Willful & Not Based On Good Faith & Entitlement to Damages*

39. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

40. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage, overtime, and break. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

41. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

42. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**

43. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

44. The Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

45. Plaintiff is Defendants' "employee" as that term is defined by the COMPS because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Hall v. Cozy Inn*
USDC, District of Colorado

Complaint
Page 6

*Failure to Pay Minimum Wage*
**(Violation of the C.R.S. § 8-6-101 *et seq*.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

46. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

47. Specifically, Defendants paid Plaintiff at a rate of $200 per 125 hour workweek. Thus, the amount Plaintiff received in a given workweek divided by the number of hours actually worked resulted in a wage less than the applicable minimum wage rate for at least some workweeks.

*Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

48. Plaintiff work more than 40 hours at least some workweeks.

49. Defendants do not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

50. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

51. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

52. Defendants violated the CWA as implemented by the COMPS, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

53. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Hall v. Cozy Inn*
USDC, District of Colorado

Complaint
Page 7

*Failure to Pay Wages When Due*
**(Violation of the C.R.S. § 8-6-103)**

54. The Defendants failed to pay Plaintiff all his earned wages when due.

*Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

55. Plaintiff has been separated from employment with Defendants.

56. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment.

*Denial of Mandatory Rest Periods*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq.*, COMPS § 5)**

57. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. COMPS § 5.1

58. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiff performed, pursuant to the following schedule set forth in COMPS § 5.2:

   a. 2 to 6 hours:      1    10 minute break
   b. 6 to 10 hours:     2    10 minute breaks
   c. 10 to 14 hours:    3    10 minute breaks
   d. 14 to 18 hours:    4    10 minute breaks
   e. 18 to 22 hours:    5    10 minute breaks
   f. Over 22 hours:     6    10 minute breaks

*Failure to Pay Wages In Response to Wage Demand*
**(Violation of the C.R.S. § 8-6-109)**

59. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated August 25, 2021.

60. Plaintiff, through counsel, issued an additional copy of this demand, attached to a cover letter dated October 5, 2021.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Hall v. Cozy Inn*
USDC, District of Colorado

Complaint
Page 8

61. Defendants did not make an unconditional tender of payment of owed wages in response to this demand.

62. Instead, Defendants sent Plaintiff a check directly (rather than through counsel) for significantly less than the amount demanded, and with conditions attached with which Plaintiff did not agree.

63. More than 14 days has elapsed since August 25, 2021.

64. Therefore, Defendant owes plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

**Record-Keeping Failures; Failure to Provide Pay Stubs**
**(Violation of the CMWA, C.R.S. §§ 8-6-101,** *et seq.***, Wage Order 7 C.C.R. 1103-1(12))**

65. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    a. name, address, social security number, occupation and date of hire

    b. date of birth, if the employee is under eighteen (18) years of age

    c. daily record of all hours worked

    d. record of allowable credits and declared tips

    e. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

66. Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., COMPS § 7.2

**Damages**

67. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Hall v. Cozy Inn*
USDC, District of Colorado

Complaint
Page 9

owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

### As And For A Third Cause of Action:
### CONVERSION/ THEFT OF SERVICES

68. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

69. Pursuant to COMPS #36-37, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

70. By failing to pay the Plaintiff all of his wages or compensation, Defendants have committed theft of services.

71. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)  Award Plaintiff unpaid and underpaid wages due under the FLSA and the CWCA; and

(B)  Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Hall v. Cozy Inn*
USDC, District of Colorado

Complaint
Page 10

(C) Award Plaintiff statutory damages as provided for the CWCA; and

(D) Award Plaintiff treble damages for conversion;

(E) Award Plaintiff interest; and

(F) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **27th** day of **December**, **2021**.

ANDERSONDODSON, P.C.

*s/ Penn Dodson*
**Penn A. Dodson**
penn@andersondodson.com
NY Bar No. 2738250
11 Broadway, Suite 615
New York, NY  10004
CO Bar Reg No. 54677
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
(212) 961-7639 tel.

Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Hall v. Cozy Inn*
USDC, District of Colorado

Complaint
Page 11